UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 1:20-mj-02031-Goodman

UNITED STATES OF AMERICA

vs.

GUILLERMO LAZARO ARTEAGA,

    Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?
   ___ Yes   X   No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?
   ___ Yes   X   No


Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
MARTY FULGUEIRA ELFENBEIN
Assistant United States Attorney
Florida Bar No. 0020891
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9112
Marta.Elfenbein@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>GUILLERMO LAZARO ARTEAGA,<br><br>*Defendant(s)* | Case No. 1:20-mj-02031-Goodman |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 8, 2020__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute a controlled substance, that is, a mixture or substance containing a detectable amount of methamphetamine |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Nemanja Nikolic, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __01/09/2020__

_____
*Judge's signature*

City and state: __Miami, Florida__     JONATHAN GOODMAN, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Nemanja Nikolic, being first been duly sworn, depose and state:

## AGENT BACKGROUND AND INTRODUCTION

1. I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since May 14, 2017. I am currently assigned to the Miami Field Office of the FBI. I have received training from the FBI relating to the methods used by narcotics traffickers to import and distribute narcotics. I have been personally involved in multiple investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as methods used to finance drug transactions and launder drug proceeds. During the course of these interdictions and investigations, I have participated in the seizure of kilogram quantities of cocaine, heroin, and methamphetamine. I have also debriefed defendants, informants, and witnesses who had personal knowledge of major narcotics trafficking organizations. I have conducted physical surveillance and have participated in multiple narcotics seizures. As a result of my experience and training, I am familiar with the manner in which various types of illegal drugs are cultivated, manufactured, smuggled, distributed, and diverted, as well as the various methods used by narcotics traffickers to finance drug transactions and launder drug proceeds. Prior to joining the FBI, I was a SWAT Operator with the Special Anti-Terrorist Unit for the Ministry of Internal Affairs in Serbia for approximately three years. Before that, I served as a Police Officer for the Ministry of Internal Affairs, Belgrade Police Department in Serbia for approximately two years.

2. As a Special Agent of the FBI, I am authorized to conduct investigations into criminal violations of the laws of the United States, including conspiracy and attempt to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, and possession with intent to distribute controlled substances, in violation of Title 21,

United States Code, Section 841(a)(1). Thus, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Titles 8, 18, 19 and 21 of the United States Code.

3. I submit this Affidavit based on information known to me personally from the investigation, as well as information obtained from others who were directly involved in the matter or have personal knowledge of the facts herein. This Affidavit does not include all the information known to law enforcement, but only information sufficient to establish probable cause for the arrest of Guillermo Lazaro ARTEAGA, for a violation of Title 21, United States Code, Section 841(a)(1), that is, possession with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine.

## PROBABLE CAUSE

4. The probable cause for this Complaint as established below is the result of an investigation involving a drug-trafficking organization ("DTO") distributing pound-level quantities of methamphetamine in the Southern District of Florida. Law enforcement previously identified ARTEAGA as one of the DTO's sources of supply and distributors.

5. On or about January 8, 2020, law enforcement conducted surveillance in the vicinity of 231 N.W. 62nd Avenue in Miami, Florida (the "TARGET LOCATION"), a previously identified residence from which narcotics are distributed. During a drive by at the TARGET LOCATION, law enforcement observed a maroon 2013 Nissan Rogue with license plate number HBMJ33 (the "VEHICLE") facing the TARGET LOCATION with the front headlights turned on. Shortly thereafter, law enforcement observed ARTEAGA exit the TARGET LOCATION with what appeared to be a Ziploc plastic bag and reenter the VEHICLE. Based on narcotics-distribution

training and experience, law enforcement believed that ARTEAGA picked up an unknown amount of narcotics from the TARGET LOCATION. Law enforcement then proceeded to follow the VEHICLE and observed it speeding through the residential area in an unsafe manner. As a result, law enforcement executed a traffic stop of the VEHICLE. ARTEAGA thereafter exited the VEHICLE, and upon exiting, law enforcement observed the Ziploc bag fall from ARTEAGA's waistband onto the asphalt. ARTEAGA then attempted to kick the Ziploc bag under the vehicle. Law enforcement retrieved the Ziploc bag and, within the bag, observed multiple plastic baggies containing a white and pink crystal rock and powdery substance suspected to be methamphetamine. In addition, law enforcement found a black Supreme Weigh scale with methamphetamine residue in the same Ziploc bag. Law enforcement conducted a field test of the contents of the Ziploc bag, which yielded positive results for methamphetamine.

6. Law enforcement then advised ARTEAGA of his Miranda Rights on scene in Spanish, which he freely and voluntarily waived. ARTEAGA then told law enforcement on scene that he had not conducted a narcotics transaction but was attempting to collect a debt from an individual who he knows as R.G. ARTEAGA stated that he gave R.G. $280 to pay an electrician bill, but R.G. could not pay ARTEAGA back. ARTEAGA then decided to take methamphetamine in exchange for the money that R.G. owed ARTEAGA.

## CONCLUSION

8. Based on the foregoing facts, I submit there is probable cause to believe that Guillermo Lazaro ARTEAGA did knowingly and willfully possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, for a violation of Title 21, United States Code, Section 841(a)(1).

FURTHER AFFIANT SAYETH NAUGHT.

_____
Special Agent Nemanja Nikolic
U.S. Department of Justice
Federal Bureau of Investigation

Sworn and subscribed before me this 9th day of January, 2020, in Miami, Florida.

_____
JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 1:20-mj-02031-Goodman

### BOND RECOMMENDATION

DEFENDANT: GUILLERMO LAZARO ARTEAGA

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   Marty Fulgueira Elfenbein

Last Known Address: _____

What Facility:   Federal Detention Center

Miami, FL

Agent(s):   Nemanja Nikolic (FBI)
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)